IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL G. STEPHENS, | ) | Case No. 1:03CV1483 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE ANN ALDRICH |
| | ) | |
| UNION CARBIDE CORPORATION, et al., | ) ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

This action was filed by plaintiff Randall Stephens ("Stephens") against his former employer Union Carbide Corporation; Dr. William H. Joyce, the president of Union; and Judge Janet R. Burnside (collectively, "Union Carbide") for alleged violation of his civil rights. On September 4, 2003, the court dismissed Stephens's complaint for failure to state a cognizable federal claim (*See* Docket No. 11). On October 9, 2003, Stephens filed a notice of appeal from this judgment with the United States Court of Appeals for the Sixth Circuit (Docket No. 14). On November 4, 2004, a panel of the Sixth Circuit issued an order affirming this court's judgment, including its denial of Stephens's motion for reconsideration (*See* Docket No. 18).

Now before the court is a motion filed by Stephens, styled initially as a "Mandate and Order to Execute the Relief From Judgment" (Docket No. 23), but later recast as a motion for summary judgment (Docket No.27). Union Carbide opposes this motion, and seeks the imposition of sanctions against Stephens pursuant to Federal Rule of Civil Procedure 11 (Docket No. 29). For the following reasons, the court denies both the motion for summary judgment and the motion for sanctions.

**I. Background**

Stephens brought an action against Union Carbide in the Cuyahoga County Court of Common Pleas, alleging that he had been awarded certain workers' compensation benefits and that Union Carbide had failed to pay them. When his complaint was dismissed, Stephens filed the present action, which alleges that Union Carbide conspired with Judge Burnside of the Common Pleas Court to interfere with his civil rights.

Determining that Stephens's amended complaint fails to state a cognizable federal claim, this court dismissed the complaint *sua sponte*. Stephens then filed a motion for reconsideration claiming that the dismissal was based on an erroneous assumption that his workers' compensation award had been reversed. The court denied this motion.

Subsequently, Stephens filed his notice of appeal with the Sixth Circuit. The Circuit issued an order allowing Stephens to appeal this court's order denying reconsideration. Because Stephens's motion for reconsideration was not timely filed in this court, the Court of Appeals considered Stephens's motion for reconsideration as a motion for relief from judgment pursuant to FED. R. CIV P. 60(b).

The Circuit's opinion notes that the standard of review for the district court's denial of motions for relief under Rule 60(b) is abuse of discretion, and that an appeal regarding the denial of a Rule 60(b) motion does not bring the underlying judgment up for review. *Stephens v. Union Carbide*, No. 03-4418, at 2 (6th Cir. Nov. 4, 2004)(citing *United States v. Grable*, 25 F.3d 298, 301-02 (6th Cir. 1994)). The panel then examined the merits of Stephens's grounds for relief under Rule 60(b)(1) and Rule 60(b)(6). *Stephens*, No. 03-4418, at 2-3. With respect to Stephens's Rule 60(b)(1) claim, which requires a showing of "mistake, inadvertence, surprise,

or excusable neglect", FED. R. CIV. P. 60(b)(1), the Court held that "the issue of whether or not Stephens's workers' compensation award had been reversed was irrelevant to the district court's determination that Stephens failed to allege a cognizable federal claim in his amended complaint."*Stephens*, No. 03-4418, at 3. Turning to potential claims under Rule 60(b)(6), the Court then determined that Stephens did not establish the existence of an "unusual and extreme situation ... where principles of equity mandate relief" as required by the Rule. *Stephens*, No. 03-4418, at 3. Consequently, the Court held, "the district court did not abuse its discretion when it denied Stephens's motion for relief from judgment." *Id.*

Stephens appealed to the United States Supreme Court, which denied *certiorari*. Stephens then filed the motion at bar, asserting that the Court of Appeals had decided in his favor.

## II. Discussion

### A. Stephens's Motion for Summary Judgment

Stephens fundamentally misconstrues the holding of the Sixth Circuit. By holding that "the district court did not abuse its discretion when it denied Stephens's motion for relief from judgment," the Court of Appeals unequivocally affirmed this court's judgment to deny Stephens's motion for reconsideration. Therefore, this court's dismissal of Stephens's amended complaint will stand.

### B. Union Carbide's Motion for Sanctions

By motion of a party or on its initiative, the court may impose sanctions upon an unrepresented party for presenting to the court a pleading, written motion, or other paper: 1) for an improper purpose; 2) containing claims, defenses, or other legal contentions unwarranted by

existing law; or 3) containing unsupported factual allegations and other factual contentions. *See* FED. R. CIV. P. 11(b). A party may initiate sanctions against the opposing party by filing a motion for sanctions separately from other motions and describing the specific conduct alleged. *Id.* at 11(c)(1)(A). The motion "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected." *Id*. *See also Nieves v. City of Cleveland*, 153 Fed. App'x. 349, 353 (unpublished) (6th Cir. Aug. 24, 2005)("[T]he party seeking sanctions [must] provide 'safe harbor' notice by serving the Rule 11 motion on the opposing party at least 21 days before filing the motion [], and sanctions may only be sought if the offending filing is not withdrawn or corrected within 21 days after service of the motion").

Union Carbide's motion for sanctions did not follow the procedure delineated in Rule 11. Union Carbide did not file the motion separately from other motions and requests, and it has failed to provide evidence that it gave the required "safe harbor" notice to Stephens. The motion for sanctions is therefore denied.

### III. Conclusion

For the foregoing reasons, the court denies Stephens's motion for summary judgment, and Union Carbide's motion for sanctions.

IT IS SO ORDERED.

                                              s/Ann Aldrich
                                              ANN ALDRICH
                                              UNITED STATES DISTRICT JUDGE

Dated: <u>June 15, 2006</u>